## THE STATE *versus* HASKELL.

By R. S. chap. 156, section 7, it is an offence, punishable in this State, if a person, to whom property is entrusted, to be by him carried for hire and delivered in another State, shall, before such delivery, fraudulently convert the same to his own use, whether the *act* of conversion be in this State or in another.

ON EXCEPTIONS from the District Court, RICE, J. presiding.

INDICTMENT, containing three counts. The second count alleges, in substance that, at Waterville in this county, the President, Directors and Company of the Ticonic Bank entrusted and delivered to the defendant sundry bank notes,

checks, drafts and other evidences of debt, the property of said bank, to the amount and of the value of $3418, to be delivered by the defendant to the Cashier of the Suffolk Bank in Boston, in the Commonwealth of Massachusetts, and that the defendant feloniously embezzled and converted the same to his own use, before the same had been so delivered, against the peace and contrary to the form of the statute.

The evidence tended to prove *that*, at the time and place alleged, the Ticonic Bank, delivered to the defendant a sealed package containing bank bills, checks, drafts and other evidences of debt, of the character, and to the amount and for the purposes alleged in the indictment, *that* the defendant immediately proceeded to Boston, and *that* in four or five days after the receiving of said funds he, at Waterville, delivered back to the Cashier of the Ticonic Bank a portion of said checks, drafts and acceptances, saying he had used the rest of the contents of the package, amounting to 2145 dollars and —— cents.

The defendant's counsel requested the Judge to give instruction to the jury, that they should acquit the defendant of the charge of embezzlement, unless satisfied that the act of embezzlement was committed within this State. That instruction was not given, but the jury were instructed, that if the defendant was intrusted at Waterville with the property for the purpose of carrying it to Boston, and if, before delivering the same there, he embezzled or fraudulently converted it to his own use, and refused to account for the same on demand in this county, the offence was made out, and might be prosecuted for in this Court.

The defendant was found guilty upon the second count. He filed a motion in arrest of judgment, 1st, because the value of each description of the property was not set forth, and 2d, because in the second count, it is not averred, that the fraudulent conversion was committed in this county or in this State. The motion was overruled, and to that overruling and to the instruction and to the rufusal to instruct, the defendant excepted.

State *v.* Haskell.

*H. W. Paine* and *H. A. Smith,* for the defendant.

1. The judgment should be arrested, because the indictment contains no statement of the place where the offence was committed. The place must be named, and it must appear to have been within the jurisdiction of the Court. Roscoe's Cr. Ev. 259 ; 26 Maine, 263 ; Hawkin's P. C., B. 2, ch. 25, § 83.

The case therefore presents the question whether, for a crime, committed in another State, the prisoner can be punished in this. Rev. Stat. ch. 167, sec. 1 ; Amendments to the Const. U. S. Art. 6 ; Const. of Maine, Art. 1, sec. 6, giving a right to trial by a jury of the vicinity, — viz. a jury " from the scene of the transaction ;" 1 Chit. Cr. Law, 146.

The Constitution of the United States, Art. 4, sec. 2, provides for the surrender of fugitives. So that it is not necessary to enlarge the operation of the statute by construction.

2. The judgment must be arrested, because it is not stated *when* the offence was committed.

It is in general requisite to state, that the defendant committed the offence, for which he is indicted, on a specific day and year. Chitty's C. L. vol. 1, page 217.

Every issuable fact must be stated with time and place. The time should be stated with such certainty, that no doubt can be entertained of the time really intended. Chitty's Cr. L. vol. 1, page 218.

It is laid down in all the books which treat of the matter, as an undoubted principle of law, that no indictment whatever can be good without showing the year and day of the material facts alleged in it. 2 Hawkin's P. C. chap. 25, sect. 77.

3. The instruction refused, should have been given. An act committed beyond the limits of the State, is no offence against the laws of the State.

No more reason for charging a man with embezzlement out of the State, than for charging him with larceny or murder, done out of the State.

4. The instruction given was clearly wrong. By that instruction the crime is made to consist in the refusal to account ;

whereas the defendant might have refused to account, and yet have done no wrong within the statute.

5. The State where the offence was committed has jurisdiction. A conviction or acquittal here, would be no bar there. 1 Chitty's Cr. Law, 146.

This rule in regard to embezzlement has never been changed by statute.

The intention must exist at the time of taking. *Hobson's case*, 2 Russell, 189, 190.

No presumption of a felonious intent, in the taking, can arise from a subsequent embezzlement. Starkie's Ev. part 4, 826, 827.

*Vose*, County Attorney, for the State.

SHEPLEY, C. J. — The accused was found to be guilty only of the offence alleged in the second count. That alleges, that he received at Waterville, in this county, of the Cashier of the Ticonic bank, sundry bank notes, checks, drafts, and other evidences of debt to be by him carried for hire to Boston, and delivered to the Cashier of the Suffolk bank; and that he fraudulently converted the same to his own use, before they were so delivered. There is no allegation that he thus converted them at any place within this State.

The presiding Judge refused to instruct the jury, that they must acquit him, unless satisfied that the act of embezzlement was committed within this State. There is a motion for arrest of judgment.

The question presented by the refusal to instruct and by the motion is, whether by the statute, chap. 156, sect. 7, it is made an offence in this State to receive property within its jurisdiction, to be carried for hire and delivered to a person in another State, and to convert it fraudulently to his own use out of the State, before it has been delivered.

The offence of embezzlement and all other offences are punishable only in the State, within whose jurisdiction they have been committed. But the legislature of a State may make an act done within its jurisdiction, an offence by reason of other

acts subsequently done without its jurisdiction. And it may be just legislation, and necessary for the protection of the rights of its own citizens to do so. It may declare, if a person within the State shall receive property to be carried for hire, and delivered to a person out of the State, and shall fraudulently convert the same to his own use, either within or without the State, that he shall be considered to have received it with a felonious intent, and that he shall be deemed to be guilty of larceny.

Whether the second count is sufficient, will depend upon the construction of the section upon which it was founded. That section does not declare, that a violation of its provisions shall constitute the offence of embezzlement. It does declare, that a person found to be guilty of their violation shall be deemed to have committed larceny.

The act of fraudulent conversion, wherever committed, appears to have been regarded as evidence of an intention existing at the time of its reception to commit the crime, or to do the act declared, to amount to larceny.

The elements required by the statute to constitute the crime are, that the goods should be delivered to a person to be by him carried for hire, and to be delivered to another person, or at a certain place; that the same should be by him embezzled or fraudulently converted to his own use, "before the same shall be delivered at the place or to the person where or to whom they were to be delivered." There is no requirement that the fraudulent conversion should be made within the State; and it is not unreasonable to conclude, that it was the intention of the framers of the statute to make such a breach of trust and fraudulent conversion, wherever committed, an offence in the State, where the property was received and the trust assumed.

Such fraudulent breach of trust and conversion, although it would not by the common law amount to embezzlement or larceny in this State, the legislature might declare should be deemed to be larceny or any other well defined offence respecting property.

An appropriation by a carrier, of money thus received to his own use, might not constitute the crime, for a delivery of other money of equal value would show, that there was no intention to defraud or embezzle.

In this case the testimony does not show, that money only was fraudulently converted to the use of the accused. It is stated in the bill of exceptions, that on his return to Waterville, the accused delivered to the cashier of the bank "a portion of said checks, drafts, and acceptances, saying, that he had used the rest of the contents of said package." The value or amount converted is stated, but that does not show, that the amount stated was not composed in part of checks or other evidences of debt. It appears from this testimony, that he did not account for the property within the State; and the instructions required that the jury should find, that he refused to account for it in this county.

When considering the sufficiency of the count, upon which he was found to be guilty, the facts alleged in it must be regarded as having been established by legal testimony.

*Exceptions and motion overruled.*